1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    Backcountry Against Dumps, et al.,                No. 2:20-cv-01380-KJM-DB

12                   Plaintiffs,                         ORDER

13          v.

14    United States Bureau of Indian Affairs, et al.,

15                   Defendants.

16

17          Terra-Gen Development Company, LLC moves to intervene as a defendant in this action

18    challenging the Bureau of Indian Affairs' approval of a wind project in San Diego County.  The

19    motion is unopposed.  The court held a hearing on November 6, 2020 and explained its intent to

20    grant the motion, which it now does in this order.

21          Federal Rule of Civil Procedure 24 governs motions to intervene.  A party may intervene

22    as of right under Rule 24(a) when it "claims an interest relating to the property or transaction that

23    is the subject of the action, and is so situated that disposing of the action may as a practical matter

24    impair or impede the movant's ability to protect its interest, unless existing parties adequately

25    represent that interest."  Fed. R. Civ. P. 24(a)(2).  The court uses a four-part test when deciding

26    whether to grant such a motion:

27          (1) The motion must be timely.

28    /////

1    (2) The moving party "must claim a 'significantly protectable' interest relating to the

2    property or transaction which is the subject of the action."

3    (3) The moving party "must be so situated that the disposition of the action may as a

4    practical matter impair or impede its ability to protect that interest."

5    (4) The "interest must be inadequately represented by the parties to the action."

6    *Wilderness Soc. v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc).

7    In years past, the Ninth Circuit applied a categorical bar against intervention as of right by

8    private parties in the liability phase of NEPA actions. *See id.* at 1177–78. That is no longer so.

9    *See id.* at 1180. "A putative intervenor will generally demonstrate a sufficient interest for

10    intervention of right in a NEPA action, as in all cases, if 'it will suffer a practical impairment of

11    its interests as a result of the pending litigation.'" *Id.* (quoting *California ex rel. Lockyer v.*

12    *United States*, 450 F.3d 436, 441 (9th Cir. 2006)).

13    The court finds that Terra-Gen is entitled to intervention as of right under Federal Rule of

14    Civil Procedure 24(a). Its motion was filed soon after the lawsuit began, it has contractual and

15    financial interests in the wind project at issue, and those interests would be impaired if it were not

16    permitted to intervene. The existing defendants do not share Terra-Gen's private interests in that

17    project, so they would not adequately represent Terra-Gen's interests. *See generally, e.g.*,

18    *Renewable Land, LLC v. Rising Tree Wind Farm LLC*, No. 12- 00809, 2013 WL 12320083 (E.D.

19    Cal. Mar. 11, 2013) (granting potential leaseholder's motion to intervene to protect its contractual

20    rights in similar situation).

21    The motion to intervene is thus **granted**.

22    IT IS SO ORDERED.

23    DATED:  November 9, 2020.

CHIEF UNITED STATES DISTRICT JUDGE